PLEAK<br>*vs*<br>CHAMBERS.

---

## Pleak *vs* Chambers.

### ERROR TO THE CLARKE CIRCUIT.

*New trials.  Evidence.  Landlord and Tenant.  Instructions.  Champerty.  Partition.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.—Judge Simpson did not sit in this case.

THIS case in ejectment was formerly before this Court, and the opinion reported in 6th Dana, 426, is referred to for a general statement of the facts and principles involved.  Chambers, the lessor of the plaintiff, having succeeded in the last trial, it is insisted that the Circuit

EJECTMENT.<br><br>*Case* 138.<br><br>*September* 25.<br><br>A reference to 6 Dana, 426, for the facts of the case.

Court should have granted this motion for a new trial, on the ground that the verdict was against law and evidence; and it is also alledged that the instructions given to the jury are erroneous. We are of opinion that none of these grounds are available for the reversal of the judgment.

1. With regard to the evidence, we need only say, that if the instructions were not misleading, the testimony was of a character to preclude the granting of a new trial by this Court, in opposition to the opinion of the Circuit Judge, who presided at the trial. There was contradictory evidence upon the material points involved, upon which it was the province of the jury to decide.

Where the evidence is contradictory upon the point involved, it is for the jury to decide, and if the instructions of the Court have not been misleading, the verdict should not be disturbed.

2. The former opinion above referred to, decides that if the defendant or those under whom he claims, acquired the title of Warner, who had a judgment in ejectment, after the expiration of the demise in the declaration, and before possession had been taken under the judgment, they were not thereby absolved from their allegiance due to the title of Gore, under which they had obtained possession as tenants or *quasi* tenants. And it was also intimated, though not decided, because not then necessary to be decided, that the acquisition of the title of Warner was alike ineffectual, though made before the expiration of the demise, if when made there was an injunction pending against the execution of the judgment. Each of these positions is, in our opinion, and for the reasons given in the former opinion, correct, and there is therefore no error in the two instructions given on the late trial, in which it is asserted that the purchases made under either state of case, could not bar the action.

The third instruction, referring to the record of an action of trespass of Pleak against Chambers, and another, which was in evidence before the jury, and in which Chambers had pleaded that he had the right of entry into the land, &c. at the time of the alledged trespass, and the other defendant pleaded a license from Chambers, instructed the jury that if the land in contest in this suit and in the action of trespass was the same, the verdict and judgment for Chambers, &c., in the action of trespass, was strong and weighty evidence that at the

time of the supposed trespass for which the action was brought, the right of entry in said land was in Chambers.

The issue in the action of trespass having been joined upon the particular point of the right of entry in the land at the time of the alledged trespass, the verdict and judgment for the defendants were no doubt admissible between the same parties to prove the same point, whenever in another case respecting the same land it should become material: (1 *Starkie on Evidence*, 201 ; *and note n. same*, 204.) There was however no point made as to the admissibility of the record. Nor do we suppose any serious objection can be made to the effect given to it by the instruction, as being strong and weighty evidence of the particular fact involved in the issue. And as the case, upon the evidence, turned mainly upon the character of the possession, whether it was adverse to Gore's title, and had been adverse for such a length of time as to constitute a bar, the fact which the record of the trespass case tended to prove, that only a few months before the commencement of the action of ejectment and the date of the demise, the lessor had the right of entry, cannot be deemed immaterial in the enquiry whether he had that right at the date of the demise and the commencement of the ejectment. The instruction does not say that the judgment in trespass is strong evidence of the plaintiff's right of recovery in this action, but only that it was strong evidence of the particular fact which was established by the verdict, leaving the jury to determine according to their own judgment, the efficacy of that particular fact to prove the right of entry as it was in issue in this case; and at most, throwing upon the defendant the burthen of showing that the right of entry existing at the time referred to in the issue in trespass, had been tolled or otherwise lost before the date of the demise. We are not prepared to say that in either aspect the instruction was erroneous: *Parker* vs *Standish*, (3 *Pickering's Rep.* 288 ;) *Preston* vs *Harvey*, (2 *Hen. & Mun.* 63.)

The fourth instruction is based upon and asserts the principle that if a party entering under one title afterwards purchase in another adverse claims, and thenceforward holds under all the claims, his possession is not

PLEAK
vs
CHAMBERS.

The record of an issue formed and decided in an action of trespass, is admissible in evidence between the same parties in the trial of an issue icvolving the same question: 1 *Starkie*, 201; *note n. same*, 204.

If a party entering under one title afterwards purchase an adverse claim, his possession is not

PLEAK
vs
CHAMBERS.

to be regarded as
adverse to the ti-
tle under which
he entered, does
not bar it; and
those receiving
the possession
from the person
who first entered
are in the same
condition.

to be regarded as adverse to the title under which he en-
tered, and does not bar it. And as in this case there
was no question that the possession which had been
transmitted to the defendant was originally acquired by
permission of Gore's agent and in the character of ten-
ant or *quasi* tenant to Gore, the plaintiff, if he held
Gore's title, had undoubtedly a right to recover the pos-
session acquired and held under that title, notwithstand-
ing the union of other titles with it in the hands of the
tenant. This we understand to be the entire scope of the
instruction, and we perceive no substantial objection
to it.

These four instructions having been given on motion of
the plaintiff, the defendant moved for an instruction to
the effect that if one Glover, (from whom the defendant
derived the possession,) and those claiming under him,
had been in possession for more than twenty years before
the institution of this suit, and by open and distinct de-
clarations to Gore's agent and others, renounced all claim
under Gore's title, and distinctly and publicly announced
to said agent and others, that he held said land under
Warner's patent and adversely to Gore's patent, more than
twenty years before this suit was instituted, and Glover,
and those claiming under him, have had such adverse
possession ever since, the law is for the defendant, &c.
This instruction was given, but the Court added as a mod-
ification, "but to constitute an adverse holding on the
part of Glover, &c., they must not have claimed under
Gore's title at all, but in opposition to it during the whole
period of twenty years; and if Glover entered under
Reynolds and Reynolds under Gore, and Glover and those
claiming under him have continued to hold under Gore's
claim, then although they may have purchased other and
adverse claims, they cannot rely upon their possession as
a successful bar to the plaintiff's action; and if the land
now in contest and the land in contest in the trespass
case is the same land, the judgment in said action of
trespass is weighty evidence, that at the time of the entry
for which said action of trespass was brought, the defend-
ant had not such adverse possession." As this addition to
the instruction asked for by the defendant, is in substance

only a re-assertion of the third and fourth instructions given for the plaintiff, with such verbal changes as made them applicable to the subject of the defendants instruction, no further remarks are requisite in support of the position asserted. But it is contended that the defendant's instruction was, in itself correct, and that the addition made by the Court, even if abstractly correct amounted to a denial of the defendant's instruction as asked, and being gratuitous on the part of the Court, was calculated to give undue importance to the circumstances thus brought forward, and especially to the judgment in the action of trespass.

A sufficient answer to this objection is, that the defendant's instruction was itself, not entirely unambiguous, and that if given without explanation, it might have misled the jury into the belief that an open renunciation of Gore's title and assertion of title under Warner, made by Glover more than twenty years before the commencement of this suit, and followed by continued possession ever since, was a bar, irrespective of other circumstances. The addition made by the Court, only corrected this tendency and brought into view other circumstances which should also be taken into consideration as qualifying the effect of the particular facts relied on by the defendant. With regard to the judgment in the trespass case, our doubt has been whether it was not conclusive as to the right of entry then in issue, we have no doubt as to its being weighty evidence to prove that it then existed and had not then been barred by twenty years adverse possession. Nor do we doubt that this circumstance was entitled to consideration in determining the character of the possession as involved in this case.

It is scarcely necessary to say that a Judge appealed to for an instruction as to the effect of particular facts, has the right to add such explanation as may be requisite to prevent misconception on the part of the jury, and to present the question involved in the instruction fairly before them. We think nothing more was done in the addition or modification made to the defendant's instruction in this case.

PLEAK
vs
CHAMBERS.

The Court may properly qualify any instruction asked by a party (to prevent any misleading effect it may be calculated to have with the jury) by the statement of other considerations, which the jury should weigh.

PLEAK
vs
CHAMBERS.

It is not necessa-
ry that those who
may be in pos-
session of land
descended    to
heirs, tho' claim-
ing under them,
should be parties
to a suit for par-
tition  amongst
the  heirs,  to
make the con-
veyances effec-
tual to pass the
title amongst the
heirs. Nor does
the  champerty
law have any ap-
plication to suits
for division be-
tween heirs, nor
to conveyances
where there was
not an  adverse
possession  be-
fore suit brought.

It is further contended that the deed made by a com-
missioner in a suit for partition between Gore's heirs,
and under which the lessor of the plaintiff claims title
to the land now in contest, is entitled to no effect, and
that the plaintiff claiming under one of Gore's heirs,
could therefore, recover only an undivided interest in this
land, because the occupants of the land were not parties
to the suit, and because their possession having been ad-
verse when the deed was made, it was void under the act
against champerty. As neither of these objections ap-
pears to have been made in any form in the Circuit Court,
it is obvious that so far as they depend upon matter of
fact and evidence, they cannot but be distrustfully regard-
ed in this Court. It is sufficient, therefore, to say that it
was not essential to the transfer or release of title be-
tween Gore's heirs, that the occupants of the land, though
claiming under them, should have been parties to the
deeds or to the suit in which they were decreed and made.
The legal title might pass under the decree, although the
equities subsisting before the commencement of the suit,
in persons not made parties, may not have been conclu-
ded thereby. And as to the objection on the score of
champerty, the record does not present the question for
our decision, because, although it might perhaps be as-
sumed that at the date of the commissioners deed, which
was only a few days before the commencement of this
suit, the possession of the land now in contest was ad-
verse, it certainly cannot be assumed to have been so at
the commencement of the suit for partition. On the
contrary, it may be assumed on the case as now before
us, that the possession was originally taken and held
under Gore's title, and that whatever demonstrations of
hostility there may afterwards have been, there had not
been, at the date of the commissioner's deed, and cer-
tainly not at the commencement of the suit for partition,
such a continued adverse possession as to relieve the oc-
cupant from the estoppel arising from the manner in
which the possession was acquired; and we are not satis-
fied that such hostile demonstrations by a tenant, or even
his open renunciation of the relation, while he was still
under the estoppel, would prevent the effectual alienation

of title by the landlord. But this point is not decided. We are satisfied that the deed of partition could not be affected by the assumption of hostility during the pendency of the suit for partition.

Upon the whole case, we perceive no error to the prejudice of the defendant in the action, and the judgment is, therefore, affirmed.

*Apperson* for plaintiff; *French* for defendant.